UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. SCOTT JEFFREY MELNICK, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 5:14-cv-3064 |
| | : | |
| HUNAN SPRINGS, | : | |
| Defendant. | : | |

**MEMORANDUM**

On May 29, 2014, Plaintiff Scott Jeffrey Melnick filed a pro se complaint in the above-captioned case, naming Hunan Springs[1] as the sole Defendant.[2]  (Doc. 1).  Plaintiff alleges that on or about March 21, 2013, while checking out at Hunan Springs, the attendant asked him for his lottery winning "mojo."  (Doc. 1, Complaint at p. 3-A).  He claims to have told the attendant and her boyfriend how to win the Mega Millions/Powerball combo, and that he has "little doubt they won!"  (Id.).  Plaintiff further alleges:

> On 04-25-13 I went back to Hunan Springs, whereby, I had had excellent recourse to the 04-26-13 and 04-27-13 combo, no one notably won any money there in.  There were, suddenly, two young ladies sitting to my left as I progressed into asking of the past and then telling of the future where of it seems we didn't find a way to achieve play.
> Are they to [sic] keenly aware of me as they've won [illegible] these victory [sic]?

(Id. at pp. 3-A – 3-B).  Plaintiff's alleged injuries include, inter alia, "loss of interest" and the "need for revenge!"  (Id. at p. 4).  For relief, Plaintiff states: "I want to know how many games and how much money and interest I'm to expect and recover that [sic] because the customer is

---

[1] Hunan Springs is a restaurant offering Chinese and Thai cuisine.  See http://hunansprings.com.
[2] Although it does not appear from the record that Defendant was properly served, which could provide an independent basis for dismissal, this Court will dismiss the action for the reasons set forth herein instead of going through the process of notifying Plaintiff of its intent to dismiss. See FED. R. CIV. P. 4(m).

always correct." (Id.). He states that he wants to sue Hunan Springs for "breach of service contract and conspiracy in the event they won a game" and asks that they be charged. (Id.). Plaintiff asserts there is federal question jurisdiction on his claims of embezzlement, theft of service, conspiracy, and consumer fraud. (Id. at p. 2).

After review and for the reasons set forth below, the complaint will be dismissed with prejudice.

**Discussion**

The allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, a "federal court may sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" DeGrazia v. FBI, 316 Fed. Appx. 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). Additionally, a "district court may sua sponte dismiss a complaint for failure to comply with Rule 8, but dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Tillio v. Spiess, 441 Fed. Appx. 109, 110 (3d Cir. 2011) (internal quotations omitted); FED. R. CIV. P. 8(a) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

It appears from a generous reading of the instant complaint, and from the pleadings made by Plaintiff in other similar cases before this Court, that Plaintiff is alleging he reached some sort of agreement with Hunan Springs to share his ability to predict winning lottery numbers in

exchange for a portion of the proceeds.  See, e.g., Melnick v. Pizza, 2015 U.S. Dist. LEXIS 10169, *2-3 (E.D. Pa. 2015) (finding: "it is just possible to discern that the claims involve some alleged agreement between Plaintiff and others (not always very clearly the named defendants, which is also a problem here) under which Plaintiff would psychically predict lottery numbers and the others would actually play the lotteries and remit a share of the proceeds to Plaintiff"); Melnick v. The Dulski, et al., No. 5:14-cv-3060 (E.D. Pa. filed May 29, 2014) at (Doc. 3, ¶ 12) (Melnick alleges that he has the "ability to tell" someone how to win a lottery jackpot.).  These allegations are completely devoid of merit.  See DeGrazia, 316 Fed. Appx. at 173.  Plaintiff's reference to his "mojo, lottery winning song," his "need for revenge," his likelihood of recovery "because the customer is always correct," and claim that "I think Mega Millions is seeking a conspiracy charge" show the obviously frivolous nature of his complaint.  See Melnick v. Young's Cleaners, 2015 U.S. Dist. LEXIS 10193, *3 (E.D. Pa. 2015) (finding Melnick's allegations that he reached an agreement with Young's Cleaners where he told two young girls how to win the lottery to be "frivolous and fantastical").

      Further, the complaint does not affirmatively allege an actual breach of the purported agreement by Defendants.  Rather, Plaintiff merely alleges that he has "*little doubt* [the attendant and her boyfriend] won," and that "we *didn't find a way* to achieve play" as to the "two young ladies."  (Doc. 1) (emphasis added).  In his request for relief, Plaintiff states that he wants to sue Hunan Springs for "breach of service contract and conspiracy *in the event they won* a game." (Doc. 1, Complaint at p. 4) (emphasis added).  The complaint fails to provide any evidence of breach of contract, embezzlement, theft of services, conspiracy, or consumer fraud.  It is therefore subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Additionally, Plaintiff fails to satisfy Rule 8.  See Melnick, 2015 U.S. Dist. LEXIS 10193 at *3 (finding that the complaint, which contained "numerous instances of nonsensical phrasing and references to people and events whose relation to the claim the Court can only surmise" failed to satisfy Rule 8).  The complaint does not name the "attendant" at Hunan Springs, her boyfriend, or the "two young ladies" who purportedly entered into an agreement with him.  Plaintiff fails to allege how the attendant's boyfriend and the two young ladies are connected with the only named Defendant, Hunan Springs.  Also, the complaint mentions several individuals by name, who have no apparent connection with Defendant Hunan Springs.  Specifically, Plaintiff alleges that he "telephoned CNBC Studio, via directory assistance, to explain [his] motivation to Michelle Lee" and that he "thought to have had [sic] conversation with James Cramer."  (Doc. 1, Complaint at p. 3-A).  The complaint further alleges that Plaintiff "put neighbor James Dellisant[3] on to the 04-23-13 ... game."  (Id.).  Accordingly, this Court concludes that Plaintiff's "rambling and unclear" submission may also be dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure.  See Tillio, 441 Fed. Appx. at 110.

Moreover, there is no basis for federal question jurisdiction under 28 U.S.C. § 1331.[4]  See Bangura v. Elwyn, Inc., 461 Fed. Appx. 87, 88 (3d Cir. 2012); Melnick, 2014 U.S. Dist. LEXIS 104472 at *4 n.2 (finding no federal question jurisdiction over Melnick's claims of embezzlement, theft of service, and conspiracy); Everett v. Anderson, 2015 U.S. Dist. LEXIS 4969, *2 (W.D. Pa. 2015) (holding that federal question jurisdiction does not exist over the state law claim of breach of contract).

---

[3] See Melnick v. Dellisant, 2015 U.S. Dist. LEXIS 10189 (E.D. Pa. 2015) (dismissing with prejudice Melnick's complaint, alleging that he made an agreement to tell James and MaryAnn Dellisant how to win the lottery in exchange for proceeds from their winnings).
[4] Section 1331 provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Because the complaint does not contain any factual or legal basis for a federal claim, this Court finds that any amendment would be futile.  See Tillio, 441 Fed. Appx. at 110 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).[5]  Consequently, the complaint will be dismissed with prejudice.  A separate Order will be issued.

BY THE COURT:

Date: March 13, 2015

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR., J.

---

[5] See also Melnick v. Beth El, 2015 U.S. Dist. LEXIS 10199 (E.D. Pa. 2015) (dismissing with prejudice Melnick's complaint alleging that he made an agreement to tell the defendant how to win the lottery); Scott J. Melnick v. The White House, et al., No. 14-cv-2855 (E.D. Pa. 2014) (same); Melnick v. Wells Fargo Bank, 2014 U.S. Dist. LEXIS 104475 (E.D. Pa. 2014) (same); Melnick v. Segal, 2014 U.S. Dist. LEXIS 104472 (E.D. Pa. 2014) (same); Melnick v. Krochta, 2014 U.S. Dist. LEXIS 104469 (E.D. Pa. 2014) (same).  In light of these cases, dismissing essentially the same claim as that presented herein, the matter is "no longer open for discussion." See DeGrazia, 316 Fed. Appx. at 173.